UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hung Bui,<br><br>                              Petitioner,<br><br>v.<br><br>Troy Lund, Bureau of Immigration Customs Enforcement; Jeh Johnson, Secretary of Homeland Security; Loretta Lynch, Attorney General,<br><br>                              Respondents. | Case No.:  16cv2763-CAB-BLM<br><br>**ORDER DISMISSING PETITION** |

On November 7, 2016, Petitioner Hung Bui ("Petitioner"), proceeding *pro se*, filed a "Motion to Issue Order Directing Respondents to Answer to Abuse of Process Claim due to their Failure to Lift a Department of Homeland Security Detainer Pursuant to 8 U.S.C. §§1252 & 1253," which Petitioner alleges is brought pursuant to 28 U.S.C. §2241 ("Petition").

## DISCUSSION

Petitioner commenced this action against Troy Lund, Bureau of Immigration Customs Enforcement; Jeh Johnson, Secretary of Homeland Security; and Loretta Lynch, Attorney General. See Pet. at 1.  However, the proper respondent in a habeas case is the person having custody, i.e. legal control, over the petitioner. 28 U.S.C. § 2243; *Rumsfeld*

*v. Padilla*, 542 U.S. 426, 439 (2004). For ordinary prisoners, such a custodian is the prisoner's warden. *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 811 (D.C. Cir. 1988). Here, Petitioner has not named a warden.

In addition, a habeas petition under § 2241 must be filed in the federal court with territorial jurisdiction over the respondent. See 28 U.S.C. § 2241(a) (providing that "[w]rits of habeas corpus may be granted by ... the district courts ... within their respective jurisdictions"); *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C.Cir.2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."). According to the Petition, Petitioner is incarcerated at the Federal Correctional Institution in Mendota, California, which is within the territorial jurisdiction of the United States District Court for the Eastern District of California. See https://www.bop.gov/locations/institutions/men/; 28 U.S.C. §84(b). Therefore, even if Petitioner were to name the warden of the institution where he is incarcerated, the Petition must be filed in the Eastern District of California.

Finally, pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the court records in the United States District Court for the Central District of California in Case No. 16cv1138-RGK-RAO, where Petitioner filed a nearly identical petition against the same respondents, which petition was summarily dismissed. [See C.D. Cal. Case No. 16cv1138, Docket No. 5.][1] Thus, while this Court has discretion to transfer the case to the Eastern District pursuant to 28 U.S.C. §1631[2], the Court finds that it is in the interests of justice to dismiss the Petition.

/ / / / /

---

[1] This Court adopts the reasoning of the Central District in Docket No. 3 as additional grounds for dismissal of this Petition.  See Case No. 16cv1138, Docket No. 5 at 2-4.

[2] Section 1631 gives federal courts "authority to make a single decision upon concluding that it lacks jurisdiction-whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court of appeals that has jurisdiction." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 803, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).

# CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED THAT** the Petition shall be **DISMISSED**.

Dated:  December 28, 2016

_____

Hon. Cathy Ann Bencivengo
United States District Judge

16cv2763-CAB-BLM